IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2024

## STATE OF TENNESSEE v. DAN E. DURELL

**Appeal from the Criminal Court for Knox County
Nos. 29089, 29090   Steven Wayne Sword, Judge**

———————————————————————

### No. E2023-01229-CCA-R3-CD

———————————————————————

Petitioner, Dan E. Durell, filed a "Motion for Correction of Sentencing Documents" ("the Motion"), claiming that the judgments in Case Nos. 29089 and 29090 did not conform to the trial court's pronounced sentence, and as a result, his sentences were illegal. The trial court treated the Motion as a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The court determined that the Motion failed to raise a colorable claim and summarily dismissed the Motion. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Dan E. Durell, Sandstone, Minnesota, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

In the late 1980s, Petitioner was one of several defendants prosecuted in federal court for crimes related to a Racketeer Influenced and Corrupt Organizations (RICO) investigation. As a result of the federal investigation, it was discovered that Petitioner participated in the April 1986 robbery and shooting of a Knoxville physician. *See Durell v. State*, No. E2022-01541-CCA-R3-HC, 2023 WL 4489453, at *1 (Tenn. Crim. App. July 12, 2023). On June 9, 1988, Petitioner pleaded guilty in the Knox County Criminal Court

to armed robbery (Case No. 29090) and first degree burglary (Case No. 29089). *State v. Durrell*, No. 1213, 1989 WL 75727, at *1 (Tenn. Crim. App. July 11, 1989). Following a sentencing hearing, the trial court sentenced Petitioner, as a Range II especially aggravated offender, to life in Case No. 29090 and to ten years in Case No. 29089. The trial court ordered the Tennessee sentences to be served concurrently with each other but consecutively to the sentence in Case No. 86-03288CFAWS in the Circuit Court for the Sixth Judicial Circuit of Florida ("the Florida case"). This court affirmed the consecutive alignment of the sentences in the direct appeal. *Id*. at *5.[1]

### Motion for Correction of Sentencing Documents

On July 31, 2023, Petitioner filed the Motion, asking the trial court to correct the judgments in Case Nos. 29089 and 29090 to reflect "the oral pronouncement of sentencing" imposed by the trial court on July 5, 1988. Petitioner claimed that enforcement of a judgment that departed from the pronounced sentence "clearly shows that [Petitioner] is serving a[n] illegal sentence[.]" Attached to the Motion were selected pages from the July 5, 1988 sentencing hearing, during which the trial court made the following statement concerning Case No. 29090:

> For this offense you shall be sentenced to life imprisonment. This [s]entence will be served consecutively to the case out of Pasco County, Florida, the Sixth Judicial District, case number 86-03288CFAWS. It is my understanding that the sentence out of Pasco County, Florida, is consecutive to the sentence you received in the Federal District Court in case number 86271CRT17, United States District Court for the Middle District of Florida, the Tampa Division.

> I want this judgment to reflect that I am considering that this -- that it is consecutive to -- this sentence will be consecutive to both of those sentences.

Attached to the Motion was a copy of the July 5, 1988 judgment in Case No. 29089, showing that the ten-year sentence would be served concurrently with the sentence in Case No. 29090 and a copy of Minute Book 135, Page 162, stating that the sentence for Case No. 29090 "shall be served consecutively to the sentence imposed in Pasco County, Florida 6th Judicial Circuit case No. 86-03288CFAWS." The record on appeal does not include a

---

[1] According to the trial court's oral pronouncement at the sentencing hearing, the sentence in the Florida case was to be served consecutively to the sentence in Case No. 86-271-CR-T-17 in the United States District Court, Middle District of Florida, Tampa Division ("the federal case").

copy of the judgment for Case No. 29090. Also attached to the Motion was a July 11, 1988 document titled "Corrected Conviction" for Case No. 29090 signed by the Knox County Criminal Court Clerk, showing that the life sentence would be served consecutively to "Case No. 86-03299CFAWS imposed in Pasco Co., FL. 6th Judicial Circuit." The correct case number should have been 86-032**88**CFAWS, not 86-032**99**CFAWS. This appears to be a clerical error.

The trial court treated the Motion as a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The court found that "the judgments are valid on their face and reflect legal sentences for the offenses of which [Petitioner] was convicted." The court determined that the Motion failed to raise a colorable claim under Rule 36.1 and summarily dismissed the Motion. Petitioner timely appealed.

## Analysis

The brief and reply brief filed by Petitioner fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27(a), which requires:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Petitioner's brief consists of a statement of the disposition in the court below, an argument, and a conclusion. Where an appellant fails to prepare a sufficient brief in compliance with the Rules of Appellate Procedure, this court may treat the issues as waived. The brief does not have a statement of the issues presented for review. "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012). Even though not designated as an issue, Petitioner argues that the trial court erred by summarily dismissing his "Motion for Correction of Sentencing Documents" for failure to state a colorable claim. We choose to address that issue rather than treat it as waived.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant or the State to seek correction of an illegal sentence. As provided in Rule 36.1, an illegal sentence is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *see State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). "[A] Rule 36.1 motion must include factual allegations concerning the basis of the illegal sentence claim in order to state a colorable claim for relief." *Wooden*, 478 S.W.3d at 593. Under Rule 36.1, a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief[.]" *Id.* Whether a Rule 36.1 motion states a colorable claim for correction of an illegal sentence is a question of law which this court reviews de novo. *Id.* at 598.

In this case, as the trial court correctly determined, "the judgments are valid on their face and reflect legal sentences for the offenses of which [Petitioner] was convicted." We, therefore, affirm the trial court's summary dismissal of the Motion.

Petitioner argues that he "has never been involved in Case No. 86-03299CFAWS" and that the "clerk's clerical errors created such a[n] aggressive fatal error so profound as

- 4 -

to render [Petitioner's] sentence in this case before the court illegal and void." As the State pointed out in its brief, Petitioner "conflate[s] a request for correction of alleged errors in the judgment forms with a claim that he is serving an illegal sentence." There is a clerical error in the July 11, 1988 document titled "Corrected Conviction" for Case No. 29090, which was signed by the clerk and which shows that the life sentence in Case No. 29090 is to be served consecutively to "Case No. 86-03299CFAWS imposed in Pasco Co., FL. 6th Judicial Circuit." The correct case number, and the case number referenced by the trial court when the sentence was imposed, was 86-032**88**CFAWS not 86-032**99**CFAWS.

"[M]istakes in sentencing are inevitable, but few sentencing errors render sentences illegal." *Id.* at 595. "Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors." *Id.* Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36. *Id.* Appealable errors are errors "for which the Sentencing Act specifically provides a right of direct appeal." *Id.* Only fatal errors render the sentence illegal and void. *Id.* (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Imposition of a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" is a fatal error. *Id.*; *see* Tenn. R. Crim. P. 36.1(a).

If the clerical error in the July 11, 1988 "Corrected Conviction" also appears in the judgment of conviction or a corrected judgment of conviction for Case No. 29090, then the clerical error may be corrected at any time pursuant to Tennessee Rule of Criminal Procedure 36.

## Conclusion

The judgment of the trial court summarily dismissing the Tennessee Rule of Criminal Procedure 36.1 motion is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE